UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

Estate of E.H, a deceased minor,

A.H., a minor,

A.H., Jr., a minor,

Andrea Everett,

Anthony Hauschultz,

        Plaintiffs,                  Case No. 1:21-CV-502

v.

Manitowoc County,

Cindy Schley,

Nancy Rudolph,

Lane Kinzel,

Rebecca Mangin,

Christy Torrison,

ABC Defendants,

DEF Defendants,

        Defendants.

---

## COMPLAINT

---

      NOW COME THE PLAINTIFFS, by their undersigned counsel, Mark L. Thomsen and Scott B. Thompson of Gingras, Thomsen, & Wachs LLP, and submit the following as their complaint in this matter.

1

1.      Plaintiffs bring this case via 42 U.S.C. § 1983, under the Fourteenth Amendment of the United States Constitution, which Plaintiffs allege was violated by Defendants Cindy Schley, Nancy Rudolph, Lane Kinzel, Rebecca Mangin, and Christy Torrison, and ABC Defendants when they placed E.H., A.H., and A.H. Jr. in the custody of a known child abuser.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. sec. 1331 and 28 U.S.C. § 1343(a)(3). because all claims arise under federal law.

3.      Venue is proper under 28 U.S.C. sec. 1391 in that all of the acts alleged to have been committed by the Defendants occurred within the Eastern District of Wisconsin.

## PARTIES

4.      Plaintiff Estate of E.H. ("the Estate") is being established to govern the affairs of E.H., a minor child (DOB: 09/13/2010) who died on April 20, 2018. E.H. and the Estate have claims in this case, and Plaintiff Andrea Hauschultz, E.H.'s mother, has the capacity to bring those claims. She is petitioning to become the administrator of the estate.

5.      Plaintiff A.H. is a minor resident (DOB: 11/18/2009) of the State of Wisconsin.

6.      Plaintiff A.H. Jr. (DOB: 9/13/2010) is a minor resident of the State of Wisconsin.

2

7.     Plaintiff Andrea Everett is an adult resident of the state of Wisconsin. Andrea Everett is the mother of E.H., A.H., and A.H. Jr..

8.     Plaintiff Anthony Hauschultz is an adult resident of the state of Wisconsin. Anthony Hauschultz is the father of E.H., A.H., and A.H. Jr.

9.     Defendant Manitowoc County is and was at all times material hereto, a Municipal Corporation organized under the laws of the State of Wisconsin. Pursuant to Wis. Stat. § 895.46, Manitowoc County is obligated to indemnify all Defendants in this action.

10.     Defendant Cindy Schley is an adult resident of the state of Wisconsin, and a social worker for Manitowoc County. At all times material hereto, and during all the pertinent events described herein, Schley was working within the scope of her employment for Manitowoc County.

11.     Defendant Nancy Rudolph is an adult resident of the state of Wisconsin, and a supervisor within the Manitowoc County Human Services Department. At all times material hereto, Rudolph was working within the scope of her employment for Manitowoc County.

12.     Defendant Lane Kinzel is an adult resident of the state of Wisconsin and the supervisor of the Manitowoc County Children and Family Services unit, a division of Manitowoc County's Human Services Department. At all times material hereto, Kinzel was working within the scope of his employment for Manitowoc County.

13.     Defendant Rebecca Mangin is an adult resident of the state of Wisconsin and a social worker for the Manitowoc County Human Services Department. At all times

3

material hereto, Mangin was working with the scope of her employment for Manitowoc County.

14. Defendant Christy Torrison is an adult resident of the state of Wisconsin and a social worker for the Manitowoc County Human Services Department, in the Child and Family Services Unit. At all times material hereto, Torrison was working with the scope of her employment for Manitowoc County.

15. ABC Defendants is the fictitious name of Defendants whose identities are unknown yet who were Manitowoc County employees involved in the placement of E.H., A.H., and A.H., Jr. with Tim and Tina Hauschultz.

16. DEF Defendants is the fictitious name of Defendant insurance companies who issued policies of liability insurance indemnifying the named defendants for the conduct that is at issue in this lawsuit.

<u>FACTS</u>

*Background*

17. Manitowoc County maintains a foster care program.

18. According to its website, Manitowoc County's foster care program "involves providing a safe, stable and caring environment for children ages 0-18 who are unable to live with their own families."

19. Manitowoc County's foster care program includes "kinship care."

20. "Kinship care" is a program that provides a monthly payment to a child's relative in exchange for providing care and maintenance to that child.

4

21.     Eligibility requirements for a person who seeks to care for a minor relative through the kinship care program are set forth in Wis. Admin Code DCF § 58.

22.     These DCF § 58 requirements place requirements upon the agencies that carry out the kinship care program.

23.     Manitowoc County's foster care program is one such agency that carries out the kinship care program and is subject to the requirements under DCF § 58.

24.     Under DCF § 58 Manitowoc County is required to perform a background check on the relative caregiver who seeks to provide maintenance and support for a relative through the kinship care program.

25.     Under DCF § 58, Manitowoc County must make a determination that living with the relative caregiver through the "kinship care" program is in the best interests of the child.

26.     Under DCF § 58, Manitowoc County is prohibited from placing a child in "kinship care" with a relative caregiver if that relative caregiver was convicted of child abuse.

27.     Under DCF § 58, Manitowoc County is prohibited from placing a child in "kinship care" with a relative caregiver if that relative caregiver was subject to "any final substantiated findings of child abuse or neglect."

*Defendants place E.H. A.H., and A.H. Jr. in harm's way*

28.     In April of 2009, Tim Hauschultz was charged in Manitowoc County Court with two counts of felony physical abuse of a child under Wis. Stat. § 948.03(2)(b).

5

29.    In August of 2009, Tim Hauschultz pled no contest to the physical abuse of a child.

30.    After submitting this plea, the Honorable Judge Jerome Fox found Tim Hauschultz guilty.

31.    Tim Hauschultz was placed on probation for eighteen months.

32.    This plea and finding of guilt amounts to a substantiated finding of child abuse or neglect.

33.    This plea and finding of guilt are recorded on Manitowoc County's circuit records which are publicly-available.

34.    This plea and finding of guilt should have prohibited Manitowoc County from placing E.H., A.H., and A.H. Jr. in the care of Tim and Tina Hauschultz.

35.    E.H., A.H., and A.H. Jr. were all siblings; E.H. and A.H. Jr. were twins.

36.    By the spring of 2017, E.H., A.H., and A.H. Jr. were taken from their parents' custody by the state.

37.    By late spring of 2017, Tim Hauschultz expressed his interest to the Manitowoc County Human Services department in receiving placement of E.H., A.H., and A.H. Jr in his household.

38.    Defendants Mangin and Torrison (social workers) responded to Tim Hauschultz's interest in the placement of E.H., A.H., and A.H. Jr.

39.    Defendants Mangin and Torrison of Manitowoc County's Human Services Department were assigned to the case and were responsible for assessing the safety of E.H., A.H., and A.H. Jr with Tim Hauschultz.

6

40.     At this time, Tim Hauschultz was already subject to substantiated claims of physical, felony abuse of a child.

41.     Regardless, in the summer of 2017, E.H., A.H., and A.H. Jr. were placed in the custody of Tina and Tim Hauschultz.

42.     Defendants were responsible for this placement and for the safety and protection of E.H., A.H., and A.H. Jr.

43.     Defendants were responsible for the continued safety of E.H., A.H., and A.H. Jr. during this placement.

44.     After receiving this initial placement, Tina and Tim Hauschultz subsequently applied to participate in (and be compensated through) Manitowoc County's "kinship care" program.

45.     At the time they applied, Tina and Tim Hauschultz were prohibited from participating in Manitowoc County's "kinship care" program under DCF § 58.

46.     At the time they applied for Manitowoc County's "kinship care" program, Tim Hauschultz had substantiated charges of child abuse on his publicly-accessible, Manitowoc County court records.

47.     Still, Defendants placed E.H., A.H., and A.H., Jr in the "kinship care" of Tim and Tina Hauschultz.

48.     In early 2018, Defendant Cindy L. Schley, a social worker for Manitowoc County investigated the safety of Tim and Tina Hauschultz "kinship care" over E.H., A.H., and A.H., Jr.

49.     According to Defendant Schley's report, dated February 13, 2018, Tim Hauschultz told Defendant Schley that he forced E.H., A.H., and A.H., Jr to do hard labor when the misbehave.

50.     Specifically, according to Defendant Schley's report, Tim Hauschultz told Defendant Schley, that the children were forced to carry wood or shovel gravel as a behavioral tool.

51.     This did not deter her recommendation.

52.     In February 2018, Defendant Schley, approved of Tim and Tina Hauschultz's, "kinship care" over E.H., A.H., and A.H., Jr.

53.     In February of 2018, Nancy Rudolph, a Supervisor for Manitowoc County's Human Services Department approved Tim and Tina Hauschultz for "kinship care" over E.H., A.H., and A.H., Jr.

54.     In approving of the Tim and Tina Hauschultz for "kinship care" over E.H., A.H., and A.H., Jr., Defendant Rudolph signed off on the February 2018 report of Defendant Schley that indicated Tim Hauschultz used hard labor to punish E.H., A.H., and A.H., Jr.

55.     The individual defendants remained responsible for the continued safety of E.H., A.H., and A.H. Jr throughout this time.

56.     On information and belief, ABC Defendants were also responsible for the continued safety of E.H., A.H., and A.H., Jr. throughout this time.

*Suffering & Death*

57.     After Manitowoc County and the individual defendants placed E.H., A.H., and A.H. Jr. into Tim and Tina Hauschultz's custody, and after they authorized Tim Hauschultz and his wife Tina Hauschultz for kinship care over E.H., A.H., and A.H., Jr., Tim and Tina Hauschultz exposed E.H., A.H., and A.H., Jr to horrifying physical and mental abuse.

58.     Tina and Tim Hauschultz employed disturbing, abusive, disciplinary tactics against E.H., A.H., and A.H., Jr.

59.     For example, Tim Hauschultz would force E.H., A.H., and A.H., Jr to walk around the backyard, carrying a heavy log, for (on average) two hours.

60.     The log in questioned varied in weight according to Tim Hauschultz's choosing but was as heavy as forty-five pounds.

61.     Other abuse from Tim and Tina Hauschultz included:

   a.  forcing E.H., A.H., and A.H., Jr to kneel in gravel while holding ice cubes in their hands and then having hot water poured on their hands;

   b.  forcing E.H., A.H., and A.H., Jr to kneel on the fireplace;

   c.  forcing E.H., A.H., and A.H., Jr to stand for meals while other family members were given seats at the table;

   d.  forcing E.H., A.H., and A.H., Jr to eat malt-o-meal while other family members were given fully-prepared meals

62.     Tim Hauschultz and Tina Hauschultz also used their minor son, D.H. to torture E.H., A.H., and A.H., Jr.

9

63.     D.H. was violent towards E.H., A.H., and A.H., Jr, striking them repeatedly if they failed to complete physical labor punishments doled out by either Tina Hauschultz or Tim Hauschultz.

64.     On April 19, 2018 Tim Hauschultz decided to punish E.H., A.H., and A.H., Jr.

65.     Tim Hauschultz forced E.H. and A.H., Jr. to carry a log through wet and heavy snow for two hours.

66.     Tim Hauschultz instructed D.H. to ensure this punishment was completed.

67.     Carrying the log was difficult for E.H., A.H. Jr because it was so heavy.

68.     As E.H. and A.H. Jr. struggled with their logs, D.H. responded with violence, per his father's instruction.

69.     D.H. weighed approximately 100 pounds more than E.H.

70.     D.H. kicked, punched, and attacked E.H. with a stick or belt, upwards of 100 times.

71.     D.H. also kicked, punched, and struck A.H. Jr. and with the same belt.

72.     D.H. struck E.H. and A.H. Jr. so many times with the belt, with such force, that the belt itself broke and pieces of metal flew off of it.

73.     D.H. rolled the heavy log across E.H.'s chest with his foot, and repeatedly shoved E.H. into the ground.

74.     D.H. stood on E.H.'s head and body while E.H. was face-down in a puddle.

75.     While he was face-down, D.H. buried E.H. in approximately 80 pounds of snow.

76. A.H. and A.H. Jr. witnessed as D.H. attacked E.H. and buried him in the snow, and pack it down with a shovel.

77. Both A.H. and A.H. Jr. feared D.H. who was much larger and older than they were.

78. When E.H. was buried under the snow he was without his coat and boots, which D.H. removed.

79. D.H. left E.H. beneath the snow for approximately 20-30 minutes.

80. No part of E.H. was visible – he was completely buried.

81. Eventually D.H. removed the snow from E.H.

82. E.H. was gurgling, and largely unresponsive after he was unburied.

83. D.H. took a bucket of hot water and poured it on E.H.'s body to see if E.H. was faking it.

84. E.H. was not faking it.

85. E.H. was taken to a hospital where he was treated for hypothermia and violent contusions throughout his body.

86. E.H. was still breathing at the hospital but was in critical condition.

87. The next day, on April 20, 2018, E.H. died from the torture he endured.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT SCHLEY – VIOLATION OF THE FOURTEENTH AMENDMENT ON BEHALF OF THE ESTATE OF E.H.**

88. Plaintiffs incorporate all preceding paragraphs herein by reference.

89. Defendant Schley handed custody of E.H. to Tim Hauschultz, a known child abuser.

11

90.     Defendant Schley specifically knew that Tim Hauschultz was employing hard labor to punish E.H. when she made the determination to approve Tim Hauschultz, and his wife Tina, for the "kinship care" of E.H.

91.     By placing E.H. in the care of a known child abuser, Defendant Schley violated E.H.'s rights under the Due Process Clause, including but not limited to, the right to be free from placement with a foster parent known, or suspected to be, dangerous, incompetent or likely to abuse, as guaranteed by the Fourteenth Amendment to the United States Constitution.

92.     Defendant Schley's conduct was reckless, and disregarded the rights of E.H.

93.     Defendant Schley's decision to place E.H. in the care of a known child abuser, and failure to protect from abuse, was a cause of E.H.'s severe injuries, losses and damages, including: E.H. was tortured until he died, he suffered incredible physical pain and suffering, incredible emotional pain and suffering, lost out on the enjoyment of his life, and died.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANT SCHLEY – VIOLATION OF THE FOURTEENTH AMENDMENT ON BEHALF OF A.H JR.**

94.     Plaintiffs incorporate all preceding paragraphs herein by reference.

95.     Defendant Schley handed custody of A.H. Jr. to Tim Hauschultz, a known child abuser.

96.     Defendant Schley specifically knew that Tim Hauschultz was employing hard labor to punish A.H. Jr. when she made the determination to approve Tim Hauschultz, and his wife Tina, for the "kinship care" of A.H. Jr.

97.     By placing A.H. Jr. in the care of a known child abuser, Defendant Schley violated A.H. Jr.'s rights under the Due Process Clause, including but not limited to, the right to be free from placement with a foster parent known or suspected to be, dangerous, incompetent or likely to abuse, as guaranteed by the Fourteenth Amendment to the United States Constitution.

98.     Defendant Schley's conduct was reckless, and disregarded the rights of A.H Jr.

99.     Defendant Schley's decision to place A.H. Jr. in the care of a known child abuser, and failure to protect from abuse, was a cause of A.H. Jr.'s severe injuries, losses and damages, including: A.H. Jr. was tortured, he suffered incredible physical pain and suffering, and incredible emotional pain and suffering, all permanent in nature, and witnessed the torture and death of his twin brother, E.H.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT SCHLEY – VIOLATION OF THE FOURTEENTH AMENDMENT ON BEHALF OF A.H.

100.    Plaintiffs incorporate all preceding paragraphs herein by reference.

101.    Defendant Schley handed custody of A.H. to Tim Hauschultz, a known child abuser.

102. Defendant Schley specifically knew that Tim Hauschultz was employing hard labor to punish A.H. when she made the determination to approve Tim Hauschultz, and his wife Tina, for the "kinship care" of A.H.

103. By placing A.H. in the care of a known child abuser, Defendant Schley violated A.H's rights under the Due Process Clause, including but not limited to, the right to be free from placement with a foster parent known, or suspected to be, dangerous, incompetent or likely to abuse, as guaranteed by the Fourteenth Amendment to the United States Constitution.

104. Defendant Schley's conduct was reckless, and disregarded the rights of A.H.

105. Defendant Schley's decision to place A.H. in the care of a known child abuser, and failure to protect from abuse, was a cause of A.H's severe injuries, losses and damages, including: A.H. was tortured, she suffered incredible physical pain and suffering, and incredible emotional pain and suffering, all permanent in nature, and witnessed the torture and death of her brother, E.H.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT RUDOLPH – VIOLATION OF THE FOURTEENTH AMENDMENT ON BEHALF OF THE ESTATE OF E.H.**

106. Plaintiffs reincorporate all preceding paragraphs herein by reference.

107. Defendant Rudolph handed custody of E.H. to Tim Hauschultz, a known child abuser.

108.     Defendant Rudolph specifically knew that Tim Hauschultz was employing hard labor to punish E.H. when she made the determination to approve Tim Hauschultz, and his wife Tina, for the "kinship care" of E.H.

109.     By placing E.H. in the care of a known child abuser, Defendant Rudolph violated E.H.'s rights under the Due Process Clause, including but not limited to, the right to be free from placement with a foster parent known, or suspected to be, dangerous, incompetent or likely to abuse, as guaranteed by the Fourteenth Amendment to the United States Constitution.

110.     Defendant Rudolph's conduct was reckless, and disregarded the rights of E.H.

111.     Defendant Rudolph's decision to place E.H. in the care of a known child abuser, and failure to protect from abuse, was a cause of E.H.'s severe injuries, losses and damages, including: E.H. was tortured until he died, he endured incredible physical pain and suffering, incredible emotional pain and suffering, lost out on the enjoyment of his life, and died.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT RUDOLPH – VIOLATION OF THE FOURTEENTH AMENDMENT ON BEHALF OF A.H. JR.**

112.     Plaintiffs reincorporate herein all preceding paragraphs by reference.

113.     Defendant Rudolph handed custody of A.H. Jr. to Tim Hauschultz, a known child abuser.

114.    Defendant Rudolph specifically knew that Tim Hauschultz was employing hard labor to punish A.H. Jr. when she made the determination to approve Tim Hauschultz, and his wife Tina, for the "kinship care" of A.H. Jr.

115.    By placing A.H. Jr. in the care of a known child abuser, Defendant Rudolph violated A.H. Jr.'s rights under the Due Process Clause, including but not limited to, the right to be free from placement with a foster parent known, or suspected to be, dangerous, incompetent or likely to abuse, as guaranteed by the Fourteenth Amendment to the United States Constitution.

116.    Defendant Rudolph's conduct was reckless, and disregarded the rights of A.H Jr.

117.    Defendant Rudolph's decision to place A.H. Jr. in the care of a known child abuser, and failure to protect from abuse, was a cause of A.H. Jr.'s severe injuries, losses and damages, including: A.H. Jr. was tortured, he suffered incredible physical pain and suffering, and incredible emotional pain and suffering, all permanent in nature, and witnessed the torture and death of his twin brother, E.H.

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT RUDOLPH – VIOLATION OF THE FOURTEENTH AMENDMENT ON BEHALF OF A.H.**

118.    Plaintiffs reincorporate herein all preceding herein by reference.

119.    Defendant Rudolph handed custody of A.H. to Tim Hauschultz, a known child abuser.

120.     Defendant Rudolph specifically knew that Tim Hauschultz was employing hard labor to punish A.H. when she made the determination to approve Tim Hauschultz, and his wife Tina, for the "kinship care" of A.H.

121.     By placing A.H. in the care of a known child abuser, Defendant Rudolph violated A.H's rights under the Due Process Clause, including but not limited to, the right to be free from placement with a foster parent known, or suspected to be, dangerous, incompetent or likely to abuse, as guaranteed by the Fourteenth Amendment to the United States Constitution.

122.     Defendant Rudolph's conduct was reckless, and disregarded the rights of A.H.

123.     Defendant Rudolph's decision to place A.H. in the care of a known child abuser, and failure to protect from abuse, was a cause of A.H's severe injuries, losses and damages, including: A.H. was tortured, she suffered incredible physical pain and suffering, and incredible emotional pain and suffering, all permanent in nature, and witnessed the torture and death of her brother, E.H.

**SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT KINZEL – VIOLATION OF THE FOURTEENTH AMENDMENT ON BEHALF OF THE ESTATE OF E.H.**

124.     Plaintiffs reincorporate all preceding paragraphs herein by reference.

125.     Defendant Kinzel handed custody of E.H. to Tim Hauschultz, a known child abuser.

126.    Defendant Kinzel specifically knew that Tim Hauschultz was employing hard labor to punish E.H. when Tim Hauschultz, and his wife Tina, were approved for the "kinship care" of E.H.

127.    By placing E.H. in the care of a known child abuser, Defendant Kinzel violated E.H.'s rights under the Due Process Clause, including but not limited to, the right to be free from placement with a foster parent known, or suspected to be, dangerous, incompetent or likely to abuse, as guaranteed by the Fourteenth Amendment to the United States Constitution.

128.    Defendant Kinzel's conduct was reckless, and disregarded the rights of E.H.

129.    Defendant Kinzel's decision to place E.H. in the care of a known child abuser, and failure to protect from abuse, was a cause of E.H.'s severe injuries, losses and damages, including:, E.H. was tortured until he died, he suffered incredible physical pain and suffering, incredible emotional pain and suffering, lost out on the enjoyment of his life, and died.

**EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANT KINZEL – VIOLATION OF THE FOURTEENTH AMENDMENT ON BEHALF OF A.H. JR.**

130.    Plaintiffs reincorporate herein all preceding paragraphs by reference.

131.    Defendant Kinzel handed custody of A.H. Jr. to Tim Hauschultz, a known child abuser.

132.    Defendant Kinzel specifically knew that Tim Hauschultz was employing hard labor to punish A.H. Jr. when Tim Hauschultz, and his wife Tina, were approved for the "kinship care" of A.H. Jr.

18

133.     By placing A.H. Jr. in the care of a known child abuser, Defendant Kinzel violated A.H. Jr.'s rights under the Due Process Clause, including but not limited to, the right to be free from placement with a foster parent known, or suspected to be, dangerous, incompetent or likely to abuse, as guaranteed by the Fourteenth Amendment to the United States Constitution.

134.     Defendant Kinzel's conduct was reckless, and disregarded the rights of A.H Jr..

135.     Defendant Kinzel's decision to place A.H. Jr. in the care of a known child abuser, and failure to protect from abuse, was a cause of A.H. Jr.'s severe injuries, losses and damages, including: A.H. Jr. was tortured, he suffered incredible physical pain and suffering, and incredible emotional pain and suffering, all permanent in nature, and witnessed the torture and death of his twin brother, E.H.

### NINTH CLAIM FOR RELIEF AGAINST DEFENDANT KINZEL – VIOLATION OF THE FOURTEENTH AMENDMENT ON BEHALF OF A.H.

136.     Plaintiffs reincorporate herein all preceding herein by reference.

137.     Defendant Kinzel handed custody of A.H. to Tim Hauschultz, a known child abuser.

138.     Defendant Kinzel specifically knew that Tim Hauschultz was employing hard labor to punish A.H.  when Tim Hauschultz, and his wife Tina, were approved for the "kinship care" of A.H.

139.     By placing A.H. in the care of a known child abuser, Defendant Kinzel violated A.H's rights under the Due Process Clause, including but not limited to, the right

to be free from placement with a foster parent known, or suspected to be, dangerous, incompetent or likely to abuse, as guaranteed by the Fourteenth Amendment to the United States Constitution.

140.    Defendant Kinzel's conduct was reckless, and disregarded the rights of A.H.

141.    Defendant Kinzel's decision to place A.H. in the care of a known child abuser, and failure to protect from abuse, was a cause of A.H's severe injuries, losses and damages, including: A.H. was tortured, she suffered incredible physical pain and suffering, and incredible emotional pain and suffering, all permanent in nature, and witnessed the torture.

### TENTH CLAIM FOR RELIEF AGAINST DEFENDANT MANGIN – VIOLATION OF THE FOURTEENTH AMENDMENT ON BEHALF OF THE ESTATE OF E.H.

142.    Plaintiffs reincorporate all preceding paragraphs herein by reference.

143.    Defendant Mangin handed custody of E.H. to Tim Hauschultz, a known child abuser.

144.    Defendant Mangin was responsible for continuing to assess the safety of E.H. during his placement with Tim Hauschultz, a known child abuser.

145.    By placing E.H. in the care of a known child abuser, Defendant Mangin violated E.H.'s rights under the Due Process Clause, including but not limited to, the right to be free from placement with a foster parent known, or suspected to be, dangerous, incompetent or likely to abuse, as guaranteed by the Fourteenth Amendment to the United States Constitution.

146.     Defendant Mangin's conduct was reckless, and disregarded the rights of E.H.

147.     Defendant Mangin's decision to place E.H. in the care of a known child abuser, and failure to protect from abuse, was a cause of E.H.'s severe injuries, losses and damages, including:, E.H. was tortured until he died, he suffered incredible physical pain and suffering, incredible emotional pain and suffering, lost out on the enjoyment of his life, and died.

## ELEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT MANGIN – VIOLATION OF THE FOURTEENTH AMENDMENT ON BEHALF OF A.H. JR.

148.     Plaintiffs reincorporate all preceding paragraphs herein by reference.

149.     Defendant Mangin handed custody of A.H. Jr. to Tim Hauschultz, a known child abuser.

150.     Defendant Mangin was responsible for continuing to assess the safety of A.H. Jr.during his placement with Tim Hauschultz, a known child abuser.

151.     By placing A.H. Jr.in the care of a known child abuser, Defendant Mangin violated A.H. Jr.'s rights under the Due Process Clause, including but not limited to, the right to be free from placement with a foster parent known, or suspected to be, dangerous, incompetent or likely to abuse, as guaranteed by the Fourteenth Amendment to the United States Constitution.

152.     Defendant Mangin's conduct was reckless, and disregarded the rights of E.H.

153.    Defendant Mangin's decision to place A.H. Jr. in the care of a known child abuser, and failure to protect from abuse, was a cause of A.H. Jr.'s severe injuries, losses and damages, including: A.H. Jr. was tortured, he suffered incredible physical pain and suffering, and incredible emotional pain and suffering, all permanent in nature, and witnessed the torture and death of his twin brother, E.H.

### TWELFTH CLAIM FOR RELIEF AGAINST DEFENDANT MANGIN – VIOLATION OF THE FOURTEENTH AMENDMENT ON BEHALF OF A.H.

154.    Plaintiffs reincorporate all preceding paragraphs herein by reference.

155.    Defendant Mangin handed custody of A.H. to Tim Hauschultz, a known child abuser.

156.    Defendant Mangin was responsible for continuing to assess the safety of A.H. during his placement with Tim Hauschultz, a known child abuser.

157.    By placing A.H. in the care of a known child abuser, Defendant Mangin violated A.H.'s rights under the Due Process Clause, including but not limited to, the right to be free from placement with a foster parent known, or suspected to be, dangerous, incompetent or likely to abuse, as guaranteed by the Fourteenth Amendment to the United States Constitution.

158.    Defendant Mangin's conduct was reckless, and disregarded the rights of A.H.

159.    Defendant Mangin's decision to place A.H. in the care of a known child abuser, and failure to protect from abuse, was a cause of A.H's severe injuries, losses and damages, including: A.H. was tortured, she suffered incredible physical pain and

22

suffering, and incredible emotional pain and suffering, all permanent in nature, and witnessed the torture of her brother, E.H.

### THIRTEENTH CLAIM FOR RELIEF AGAINST DEFENDANT TORRISON – VIOLATION OF THE FOURTEENTH AMENDMENT ON BEHALF OF THE ESTATE OF E.H.

160.    Plaintiffs reincorporate all preceding paragraphs herein by reference.

161.    Defendant Torrison handed custody of E.H. to Tim Hauschultz, a known child abuser.

162.    Defendant Torrison was responsible for continuing to assess the safety of E.H. during his placement with Tim Hauschultz, a known child abuser.

163.    By placing E.H. in the care of a known child abuser, Defendant Torrison violated E.H.'s rights under the Due Process Clause, including but not limited to, the right to be free from placement with a foster parent known, or suspected to be, dangerous, incompetent or likely to abuse, as guaranteed by the Fourteenth Amendment to the United States Constitution.

164.    Defendant Torrison's conduct was reckless, and disregarded the rights of E.H.

165.    Defendant Torrison's decision to place E.H. in the care of a known child abuser, and failure to protect from abuse, was a cause of E.H.'s severe injuries, losses and damages, including:, E.H. was tortured until he died, he suffered incredible physical pain and suffering, incredible emotional pain and suffering, lost out on the enjoyment of his life, and died.

23

## FOURTEENTH CLAIM FOR RELIEF AGAINST DEFENDANT TORRISON – VIOLATION OF THE FOURTEENTH AMENDMENT ON BEHALF OF A.H. JR.

166.    Plaintiffs reincorporate all preceding paragraphs herein by reference.

167.    Defendant Torrison handed custody of A.H. Jr. to Tim Hauschultz, a known child abuser.

168.    Defendant Torrison was responsible for continuing to assess the safety of A.H. Jr. during his placement with Tim Hauschultz, a known child abuser.

169.    By placing A.H. Jr.in the care of a known child abuser, Defendant Torrison violated A.H. Jr.'s rights under the Due Process Clause, including but not limited to, the right to be free from placement with a foster parent known, or suspected to be, dangerous, incompetent or likely to abuse, as guaranteed by the Fourteenth Amendment to the United States Constitution.

170.    Defendant Torrison's conduct was reckless, and disregarded the rights of E.H.

171.    Defendant Torrison's decision to place A.H. Jr. in the care of a known child abuser, and failure to protect from abuse, was a cause of A.H. Jr.'s severe injuries, losses and damages, including: A.H. Jr. was tortured, he suffered incredible physical pain and suffering, and incredible emotional pain and suffering, all permanent in nature, and witnessed the torture and death of his twin brother, E.H.

## FIFTEENTH CLAIM FOR RELIEF AGAINST DEFENDANT TORRISON – VIOLATION OF THE FOURTEENTH AMENDMENT ON BEHALF OF A.H.

172.    Plaintiffs reincorporate all preceding paragraphs herein by reference.

24

173. Defendant Torrison handed custody of A.H. to Tim Hauschultz, a known child abuser.

174. Defendant Torrison was responsible for continuing to assess the safety of A.H. during his placement with Tim Hauschultz, a known child abuser.

175. By placing A.H. in the care of a known child abuser, Defendant Torrison violated A.H.'s rights under the Due Process Clause, including but not limited to, the right to be free from placement with a foster parent known, or suspected to be, dangerous, incompetent or likely to abuse, as guaranteed by the Fourteenth Amendment to the United States Constitution.

176. Defendant Torrison's conduct was reckless, and disregarded the rights of A.H.

177. Defendant Torrison's decision to place A.H. in the care of a known child abuser, and failure to protect from abuse, was a cause of A.H's severe injuries, losses and damages, including: A.H. was tortured, she suffered incredible physical pain and suffering, and incredible emotional pain and suffering, all permanent in nature, and witnessed the torture of her brother, E.H.

### SIXTEENTH CLAIM FOR RELIEF – LOSS OF SOCIETY ON BEHALF OF PLAINTIFFS ANDREA EVERETT AND ANTHONY HAUSCHULTZ

178. Plaintiffs reincorporate herein all preceding paragraphs by reference.

179. At all relevant times, Defendants Schley, Rudolph, Kinzel, Mangin and Torrison were "persons" for purposes of 42 U.S.C. § 1983 and acted under color of law when they placed E.H. in the custody of a known child abuser.

180.    At all times material hereto, Defendants Schley, Rudolph, Kinzel, Mangin and Torrison violated E.H.'s rights under the Due Process Clause, including but not limited to, the right to be free from placement with a foster parent known, or suspected to be, dangerous, incompetent or likely to abuse, as guaranteed by the Fourteenth Amendment to the United States Constitution, when they placed E.H. in the custody of a known child abuser.

181.    Such conduct was a cause of the complete loss of society and companionship that Plaintiffs Andrea Everett and Anthony Hauschultz had with their son, E.H.

182.    Manitowoc County is liable pursuant to Wis. Stat. § 895.46 for payment of any judgment entered against the individual employee defendant in this action because said defendant was acting within the scope of his employment when he committed the acts described above.

### SEVENTEENTH CLAIM FOR RELIEF – PUNITIVE DAMAGES ON BEHALF OF ALL PLAINTIFFS

183.    Plaintiffs reallege and incorporate by reference, all preceding allegations.

184.    The above-described conduct of all Defendants was, malicious, and/or undertaken with reckless disregard for the rights of the Plaintiffs.

185.    That such conduct was a cause of the severe personal injuries and death suffered by Plaintiffs.

186.    At all relevant times, Defendants acted maliciously and/or with reckless disregard and/or with deliberate indifference towards the Plaintiffs, or in an intentional disregard for their rights, so as to subject him to punitive damages.

187.    Manitowoc County is liable pursuant to Wis. Stat. § 895.46, for payment of any judgment entered against the individual employee defendant in this action because said defendant was acting within the scope of his employment when he committed the acts described above.

### EIGHTEENTH CLAIM FOR RELIEF AGAINST ABC DEFENDANTS – VIOLATION OF THE FOURTEENTH AMENDMENT ON BEHALF OF THE ESTATE OF E.H.

188.    Plaintiffs reincorporate all preceding paragraphs herein by reference.

189.    ABC Defendants handed custody of E.H. to Tim Hauschultz, a known child abuser.

190.    ABC Defendants was responsible for continuing to assess the safety of E.H. during his placement with Tim Hauschultz, a known child abuser.

191.    By placing E.H. in the care of a known child abuser, ABC Defendants violated E.H.'s rights under the Due Process Clause, including but not limited to, the right to be free from placement with a foster parent known, or suspected to be, dangerous, incompetent or likely to abuse, as guaranteed by the Fourteenth Amendment to the United States Constitution.

192.    ABC Defendants' conduct was reckless, and disregarded the rights of E.H.

193.    ABC Defendants' decision to place E.H. in the care of a known child abuser, and failure to protect from abuse, was a cause of E.H.'s severe injuries, losses and

27

damages, including:, E.H. was tortured until he died, he suffered incredible physical pain and suffering, incredible emotional pain and suffering, lost out on the enjoyment of his life, and died.

### NINETEENTH CLAIM FOR RELIEF AGAINST ABC DEFENDANTS–VIOLATION OF THE FOURTEENTH AMENDMENT ON BEHALF OF A.H. JR.

194.    Plaintiffs reincorporate all preceding paragraphs herein by reference.

195.    ABC Defendants handed custody of A.H. Jr. to Tim Hauschultz, a known child abuser.

196.    ABC Defendants were responsible for continuing to assess the safety of A.H. Jr. during his placement with Tim Hauschultz, a known child abuser.

197.    By placing A.H. Jr.in the care of a known child abuser, ABC Defendants violated A.H. Jr's rights under the Due Process Clause, including but not limited to, the right to be free from placement with a foster parent known, or suspected to be, dangerous, incompetent or likely to abuse, as guaranteed by the Fourteenth Amendment to the United States Constitution.

198.    ABC Defendants' conduct was reckless, and disregarded the rights of A.H Jr.

199.    ABC Defendant's decision to place A.H. Jr. in the care of a known child abuser, and failure to protect from abuse, was a cause of A.H. Jr.'s severe injuries, losses and damages, including: A.H. Jr. was tortured, he suffered incredible physical pain and suffering, and incredible emotional pain and suffering, all permanent in nature, and witnessed the torture and death of his twin brother, E.H.

28

## TWENTIETH CLAIM FOR RELIEF AGAINST ABC DEFENDANTS–VIOLATION OF THE FOURTEENTH AMENDMENT ON BEHALF OF A.H.

200.    Plaintiffs reincorporate all preceding paragraphs herein by reference.

201.    ABC Defendants handed custody of A.H. to Tim Hauschultz, a known child abuser.

202.    ABC Defendants were responsible for continuing to assess the safety of A.H. during her placement with Tim Hauschultz, a known child abuser.

203.    By placing A.H. in the care of a known child abuser, ABC Defendants violated A.H.'s rights under the Due Process Clause, including but not limited to, the right to be free from placement with a foster parent known, or suspected to be, dangerous, incompetent or likely to abuse, as guaranteed by the Fourteenth Amendment to the United States Constitution.

204.    ABC Defendants' conduct was reckless, and disregarded the rights of A.H.

205.    ABC Defendant's decision to place A.H. in the care of a known child abuser, and failure to protect from abuse, was a cause of A.H's severe injuries, losses and damages, including: A.H. was tortured, she suffered incredible physical pain and suffering, and incredible emotional pain and suffering, all permanent in nature, and witnessed the torture of her brother, E.H.

## TWENTY-FIRST CLAIM FOR RELIEF AGAINST DEF DEFENDANTS– DIRECT ACTION/INDEMNIFICATION

206.    Plaintiffs reincorporate by reference all preceding paragraphs herein by reference.

207.     DEF Defendants issued a policy or policies of liability insurance, indemnifying the named defendants for the conduct that is the subject matter of this suit.

208.     DEF Defendants are directly liable to Plaintiffs for their injuries and damages as described above as a result of these policies for insurance governing and indemnifying the conduct described within this complaint.

**WHEREFORE,** the Plaintiffs demand judgment against all defendants, jointly and severally, as follows:

    a.  Against Defendants Schley, Rudolph, Kinzel, Mangin and Torrison for compensatory damages, for the violation of E.H., A.H., and A.H Jr.'s rights, as set forth above, in an amount to be determined at trial;

    b.  Against Defendants Schley, Rudolph, Kinzel, Mangin and Torrison, for compensatory damages, for the complete destruction of Plaintiffs Anthony Hauschultz and Andrea Everett's society and companionship to their son, E.H., in an amount to be determined at trial;

    c.  Against Defendants Schley, Rudolph, Kinzel, Mangin and Torrison, for punitive damages in an amount to be determined at trial;

    d.  Against Manitowoc County for its liability pursuant to Wis. Stat. § 895.46 for payment of any judgment entered against the individual employee defendants in this action; and

e.  Against ABC Defendants for compensatory damages, for the violation of E.H., A.H., and A.H Jr.'s rights, as set forth above, in an amount to be determined at trial;

f.  Against ABC Defendants for punitive damages in an amount to be determined at trial;

g.  Against DEF Defendants for indemnification under any and all liability insurance policies that were issued to indemnify the name defendants for the conduct described in this suit; and

h.  For all costs, disbursements and actual attorneys' fees pursuant to 42 U.S.C.A. § 1988, and for such other relief as the Court deems just and equitable.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL OF THIS MATTER ON ALL ISSUES SO TRIABLE.**

Dated April 19, 2021

GINGRAS, THOMSEN & WACHS, LLP

*s/ Scott B. Thompson*
Mark L. Thomsen
State Bar No.: 1018839
Scott B. Thompson
State Bar No.: 1098161
219 North Milwaukee Street
Milwaukee, WI 53202
Telephone: (414) 928-7756
Email: mthomsen@gtwlawyers.com

Case 1:21-cv-00502-WCG   Filed 04/19/21   Page 31 of 31   Document 1